IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ashley W. Carter, #90150-071, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 2:06-1047-HMH-RSC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Art Beeler; Ralph Newman; Julia Zulu, | ) | |
| | ) | |
| Respondents. | ) | |

 This matter is before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Ashley W. Carter ("Carter") is currently incarcerated pending a competency evaluation and psychiatric treatment at FMC-Butner, a federal prison in North Carolina. Carter seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In his Report and Recommendation, Magistrate Judge Carr recommends transferring Carter's petition to the Esatern District of North Carolina, the district in which Carter is incarcerated. Magistrate Judge Carr also noted in the Report and Recommendation that Carter would have to either pay the filing fee or make the appropriate request to proceed in forma pauperis ("IFP") in the Eastern District of North Carolina upon transfer.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Before the deadline to file objections to the Report and Recommendation expired on May 4, 2006, Carter filed two documents. First, he filed a motion to proceed IFP. Second, he filed another document which appears to contain a list of claims Carter seeks to pursue and a prayer of relief in which Carter requests $137,000,000 in compensatory damages. Out of an abundance of caution, the court construes this document as objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Carter's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.[2]

It is therefore

---

[2] The court notes that Carter may need to re-file his motion to proceed IFP after the case has been transferred to the Eastern District of North Carolina.

2

**ORDERED** that this case is transferred to the Eastern District of North Carolina.

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
May 9, 2006